# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-4771 PA (AFMx) | Date | July 3, 2017 |
|---|---|---|---|
| Title | Yad Abraham, LLC v. Disruptive Tech, Ltd., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on June 28, 2017, by defendants Disruptive Tech, Ltd., Nigel Robertson, Disruptive Tech VNU Holdings, Ltd. (collectively "Defendants"). (Docket No. 1.) Defendants assert that this Court has jurisdiction over an action brought against them by plaintiff Yad Abraham, LLC ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Defendant must establish that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Complete diversity is destroyed where a foreign plaintiff and a foreign defendant are present. Faysound, Ltd. v. United Coconut Chems., Inc., 878 F.2d 290, 294 (9th Cir. 1989). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). An LLC is citizen of all the states of which its members are citizens. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company . . . ."); TPS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4771 PA (AFMx) | Date | July 3, 2017 |
|---|---|---|---|
| Title | Yad Abraham, LLC v. Disruptive Tech, Ltd., et al. | | |

Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

In an effort to establish Plaintiff's citizenship, the Notice of Removal alleges:

> Plaintiff is a limited liability company organized under the laws of the State of California, with its principal place of business in the City of Los Angeles, California.

(Docket No. 1, ¶ 5(A).) This fails to adequately establish Plaintiff's citizenship, which depends on that of each of Plaintiff's members. As a result, Defendants' allegations are insufficient for the Court to determine whether complete diversity exists.

For the foregoing reasons, Defendants have failed to meet their burden to demonstrate that the Court has diversity jurisdiction in this case. Accordingly, the Court remands the action to Los Angeles Superior Court, Case No. BC662270. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.